



Electronically Filed
10/10/2017 1:39 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
THE POWELL LAW FIRM
6785 West Russell Road, Suite 210
Las Vegas, Nevada 89118
paul@tplf.com
mkristof@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501
*Attorneys for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JENNIE STYLES, individually, | CASE NO. A-17-762852-C |
| Plaintiff, | DEPT. NO. Department 16 |
| vs. | **COMPLAINT** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, | |
| Defendants. | |

## I. PARTIES, VENUE AND JURISDICTION

1. Plaintiff JENNIE STYLES ("Plaintiff") is, and at all relevant times was, a resident of Clark County, Nevada.

2. Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY ("Defendant"), is, and at all relevant times was, an insurance company licensed to do business in the State of Nevada.

3. Doe Defendants I-X and Roe Defendants I-X are individuals, or entities that are unknown to Plaintiff at this time, but who may bear responsibility for the damages alleged herein. These include, but are not limited to, owners, directors, managers, joint ventures, agents,

corporations, owners or the like who have ownership interest in, or decision making authority for or on behalf of the named Defendant herein.

4. The events complained of herein occurred in Clark County, Nevada, thus venue is appropriate in Clark County, Nevada.

5. Plaintiff is making claim for damages in excess of $15,000.00, thus jurisdiction rests with the District Courts, Clark County, Nevada.

## II.  FACTUAL ALLEGATIONS

6. Plaintiff incorporates the allegations contained in paragraphs 1 through 5 as though fully plead herein.

7. On or about May 9, 2016, Plaintiff was involved in a car crash in Clark County, Nevada.

8. Non party Clarice Farris ("Farris") was traveling behind non party Priscilla Mendez ("Mendez").

9. Farris' vehicle rear ended Mendez' vehicle, which was at a complete stop.

10. Mendez' vehicle was then pushed into Plaintiff's vehicle, which was stopped in front of the Mendez' vehicle.

11. At no time has Defendant indicated that Plaintiff's actions in any way caused or contributed to this crash.

12. Plaintiff suffered bodily injury as a result of the crash.

13. At the time of the crash, Plaintiff was covered under an automobile insurance policy issued by Defendant.

14. At no time has the Defendant indicated that Plaintiff was not covered under the policy.

15. The insurance policy offered up to $50,000.00 in uninsured motorist bodily injury coverage ("UM").

16. Non-party Farris carried an automobile liability coverage through Hartford Insurance.

17. The policy limit of the Hartford policy $50,000.

18. Hartford paid the policy limits for their insured Farris, who was the at fault driver.

19. Plaintiff made demand on Defendant for the full $50,000.00 available under her UM policy.

20. At the time the demand was made, which was on or about July 6, 2016, Plaintiff had medical bills in an amount of $8,132,77.

21. At the time the demand was made, which was on or about July 6, 2016, Plaintiff had been recommended by her treating doctor, orthopedic surgeon Dr. Jason Garber, to undergo a neck surgery.

22. The cost of the surgery recommended by Dr. Garber was $220,440.00.

23. Dr. Garber clearly indicates in his written recommendation that the need for the surgery is a direct result of the May 9, 2016 crash.

24. Dr. Garber's recommendation along with all of Plaintiff's medical records and bills were sent to Defendant with Plaintiff's July 6, 2016 demand.

25. On or about July 13, 2016, Defendant responded in writing to Plaintiff. Defendant indicated that Plaintiff needed to fill out a "Statement of Claim Under Uninsured Motorist Coverage" as well as having Plaintiff's doctor fill out an enclosed "Medical Report." This, even though Plaintiff had provided defendant a copy of all of her medical records and bills as well as a

copy of the traffic accident report which indicated how the crash occurred and that non-party Farris was at fault.

26. That on or about October 12, 2016, at Defendant's request, Plaintiff sent a signed HIPAA authorization to Defendant to allow them to obtain Plaintiff's treatment records.

27. That on or about February 1, 2017, at Defendant's request, Plaintiff sent another HIPAA authorization to Defendant to allow Defendant to obtain additional medical records of Plaintiff's medical for review.

28. That on or about May 8, 2017, Defendant sent a letter to Plaintiff indicating that they needed an additional 30 days to obtain medical records from Sunrise Hospital and Desert Radiologists. This, even though Plaintiff provided Defendant a HIPAA authorization for Sunrise Hospital and Desert Radiologists on or about February 1, 2017.

29. That Defendant, even though Plaintiff's treating doctor, Dr. Garber, had indicated the surgery was related to the crash, and that the cost was well in excess of Defendant's policy limit, forced Plaintiff to undergo an examination by a doctor of Defendants' choosing.

30. That Defendant knew, or reasonably should have known, that at the time of this crash, Plaintiff was 74 years old.

31. As of October 1, 2017, Defendant has never offered the full amount of the UM policy limit to Plaintiff.

32. As of October 1, 2017, Defendant has never made any offer to Plaintiff under the UM policy.

///

///

///

33. At the time the initial settlement demand was made by Plaintiff back on July 15, 2016, the value of Plaintiff's claim was at least equal too, and likely well in excess of, the $50,000 UM policy limit, inclusive of all set offs available to Defendant.

34. Defendant has unreasonably delayed settlement of this claim under the pre-text of a continued investigation.

35. Defendant has ignored the opinions of Plaintiff's treating physician, Dr. Garber, and instead has relied on information which benefits Defendants.

### III.   FIRST CAUSE OF ACTION - BREACH OF CONTRACT

36. Plaintiff incoropriates paragraphs 1 through 35 as though fully set forth herin.

37. Plaintiff was covered under a contract of insurance issued by Defendant.

38. The contract covered Plaintiff in the event at an fault driver caused injury, and said at fault driver did not have sufficient coverage to fully compensate Plaintiff.

39. The at fault driver herein did not carry sufficient coverage to fully compensate Plaintiff for her injuries.

40. Defendant has failed to pay the amount of the coverage, $50,0000.00, even though the value of Plaintiff's claim is in excess of Defendant's coverage amount.

41. The actions complained of in this Complaint constitute breach of contract by the Defendant.

42. The Plaintiff has been damaged in an amount in excess of $50,000.00 by Defendant's breach.

43. Plaintiff has needed to engage the service of an attorney to prosecute this matter on her behalf.

-5-

## IV. SECOND CAUSE OF ACTION- CONTRACTUAL BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

44. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth herein.

45. In every contract, there is an implied covenant of good faith and fair dealing.

46. The acts complained of herein constitute a breach of the covenant of good faith and fair dealing by Defendant.

47. The Plaintiff has been damaged in an amount in excess of $50,000.00 by Defendant's breach.

48. Plaintiff has needed to engage the service of an attorney to prosecute this matter on her behalf.

## V. THIRD CAUSE OF ACTION- TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.

49. Plaintiff incorporates paragraphs 1 through 48 as though fully set forth herein.

50. A special relationship existed between Plaintiff and Defendant- that of an insured and the insurance carrier.

51. The presence of a special relationship gives rise to the tort of tortious breach of the covenant of good faith and fair dealing.

52. Breach of this covenant in the insurance setting is commonly referred to as "bad faith."

53. The acts described herein constitute bad faith on behalf of Defendant towards Plaintiff.

54. Plaintiff is entitled to an award of uncapped punitive damages based on Defendant's "bad faith."

55. Plaintiff has needed to engage the services of an attorney to prosecute this matter.

## VI. FOURTH CAUSE OF ACTION- VIOLATION OF NRS 686A.310- NEVADA'S UNFAIR CLAIMS PRACTICES ACT.

56. Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57. NRS 686A.310(1)(a)-(e) prescribes acts that if undertaken by Defendant constitute an unfair claims practice.

58. Defendant specifically violated NRS 686A.310(e) by failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when the liability of Defendant became reasonably clear.

59. Plaintiff has needed to engage the services of an attorney to prosecute this matter.

Plaintiff prays for the following relief against Defendant herein:

1. General Damages in excess of $15,000.00;
2. Special Damages in excess of $15,000.00;
3. Punitive Damages;
4. Attorneys fees, costs, and interest;
5. Any and all other relief available in law or equity that the jury or Court believes reasonable.

DATED this 9th day of October, 2017.

THE POWELL LAW FIRM

Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
6785 W. Russell Road, Suite 210
Las Vegas, NV 89118

-7-

B

B

09

Electronically Filed
10/10/2017 1:39 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
THE POWELL LAW FIRM
6785 West Russell Road, Suite 210
Las Vegas, Nevada 89118
paul@tplf.com
mkristof@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501
*Attorneys for Plaintiffs*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JENNIE STYLES, individually, | ) |
| | ) CASE NO.  A-17-762852-C |
| Plaintiff, | ) DEPT. NO. Department 16 |
| vs. | ) |
| | ) **INITIAL APPEARANCE AND FEE** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, | ) **DISCLOSURE (NRS CHAPTER 19)** |
| | ) |
| Defendants. | ) |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for the parties appearing in the above-entitled action as indicated below:

JENNIE STYLES:           $270.00

TOTAL:                   $300.00   $270

DATED this 10th day of October, 2017.

THE POWELL LAW FIRM

*/s/ Michael Kristof*
_____
Michael A. Kristof, Esq.

- 1 -

Electronically Filed
10/10/2017 1:39 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
THE POWELL LAW FIRM
6785 West Russell Road, Suite 210
Las Vegas, Nevada 89118
paul@tplf.com
mkristof@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501
*Attorneys for Plaintiffs*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JENNIE STYLES, individually, | ) |
| | ) CASE NO. A-17-762852-C |
| Plaintiff, | ) DEPT. NO. |
| vs. | ) Department 16 |
| | ) **DEMAND FOR JURY TRIAL** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, | ) |
| Defendants. | ) |

COMES NOW, Plaintiff JENNIE STYLES by and through her attorney of record, PAUL D. POWELL, ESQ., of THE POWELL LAW FIRM, and hereby demands a jury trial of all of the issues in the above matter.

DATED this 10th day of October, 2017.

THE POWELL LAW FIRM

*/s/ Michael Kristof*
_____
Michael A. Kristof, Esq.

- 1 -

Case Number: A-17-762852-C

11

Electronically Filed
12/12/2017 3:18 PM
Steven D. Grierson
CLERK OF THE COURT

Paul D. Powell, Esq.
Nevada Bar No. 7488
Michael A. Kristof, Esq.
Nevada Bar No. 7780
THE POWELL LAW FIRM
6785 West Russell Road, Suite 210
Las Vegas, Nevada 89118
paul@tplf.com
mkristof@tplf.com
Phone: (702) 728-5500
Facsimile: (702) 728-5501
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JENNIE STYLES, individually, | CASE NO. A-17-762852-C |
| Plaintiff, | DEPT. NO. XVI |
| vs. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, individually, DOES I-X, and ROE CORPORATIONS I-X, | **PROOF OF SERVICE** |
| Defendants. | |

- 1 -

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

Government Employees Insurance Company
c/o The Corporation Trust Company of Nevada
701 S. Carson St., Ste. 200
Carson City, NV 89701-5239
CERTIFIED MAIL NO. 7016 3010 0000 0484 1850

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 11th day of December, 2017.

_____
RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Jennie Styles vs. Government Employees Insurance Company, et al.
      District Court, Clark County, Nevada
      Case No. A-17-762852-C

12/11/17   Rhonda Kelly

-1-

13